UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEAN ALLMAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> METROPOLITAN GROUP PROPERTY & CASUALTY INSURANCE COMPANY t/a MetLife, <br> Defendant. | CIVIL ACTION NO. 3:21-cv-01314 <br><br> (SAPORITO, M.J.) |

# MEMORANDUM

This diversity action is before the court on the motion to dismiss under Fed. R. Civ. P. 12(b)(6) filed by the defendant, Metropolitan Group Property and Casualty Insurance Company t/a MetLife. (Doc. 4). Specifically, MetLife contends that the complaint fails to set forth sufficient facts to support a claim for an alleged violation of Pennsylvania's bad faith statue, 42 Pa. C.S.A. § 8371. Because the facts as alleged in Count II of the complaint do not state a plausible bad faith cause of action, MetLife's motion to dismiss will be granted.

## I.  *Statement of Facts*

This action arises out of an automobile accident which occurred on April 7, 2017, on an exit ramp of Route 940, at the entrance onto Route 314, in Tobyhanna Township, Monroe County, Pennsylvania. At that time, one of the plaintiffs, Jean Allman, was fully stopped for traffic when the tortfeasor, Luis Fraguas, who was travelling behind the plaintiffs' vehicle, carelessly and negligently struck it from behind, causing the plaintiff to sustain serious physical injuries.

At the time of the accident, MetLife had provided a policy of insurance to the plaintiffs, No. 8375023440 (the "Policy"). The Policy affords stacked underinsured motorist benefits coverage in the amount of $500,000. The complaint alleges that MetLife is entitled to a credit of $100,000, representing the limits of insurance coverage maintained by Fraguas.

On June 25, 2021, the plaintiffs filed the complaint in this action in the Court of Common Pleas of Lackawanna County, Pennsylvania. Count I of the complaint asserts a claim for breach of contract, Count II asserts a claim for statutory bad faith, and Count III asserts a claim for loss of consortium. MetLife removed the action to this court on July 27, 2021. On August 2, 2021, MetLife moved to dismiss the bad faith claim

on the ground that the complaint fails to plead sufficient facts to state a claim. MetLife moved to strike the plaintiffs' allegations that MetLife owes the plaintiffs a fiduciary duty and their request for compensatory damages in Count II. The parties have briefed the motion, and the plaintiffs have agreed to strike their demand for compensatory damages in the bad faith count and their allegations that MetLife breached a fiduciary duty owed to the plaintiffs. (Doc. 5; Doc. 6). Thus, we confine this Memorandum to the bad faith count only.

## II.  *Legal Standards*

Rule 12 (b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief is granted." Fed. R. Civ. P. 12(b)(6). "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen, Inc.,* 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). In deciding the motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellab,*

3

*Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007). Although the Court must accept the fact allegations in the complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski,* 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevy*, 481 F.3d 187, 195 (3d Cir. 2007). Nor is it required to credit factual allegations contradicted by indisputably authentic documents on which the complaint relies or matters of public record of which we may take judicial notice. *In re Washington Mut. Inc.*, 741 Fed. App'x 88, 91 n.3 (3d Cir. 2018); *Sourovelis v. City of Philadelphia*, 246 F. Supp. 3d 1058, 1075 (E.D. Pa. 2017); *Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 588-89 (W.D. Pa. 2008).

## III. Discussion

### 1. Count II: Statutory Bad Faith

In Count II, Allman has asserted a statutory bad faith claim, brought pursuant to 42 Pa. Cons. Stat. Ann. § 8371. This statute provides that:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take the following actions:

> (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
>
> (2) Award punitive damages against the insurer.
>
> (3) Assess court costs and attorney fees against the insurer.

42 Pa. Cons. Stat. Ann. § 8371. Under Pennsylvania law,

> the term bad faith includes any frivolous or unfounded refusal to pay proceeds of a policy. For purposes of an action against an insurer for failure to pay a claim, such conduct imports a dishonest purpose and means a breach of a known duty (i.e., good faith and fair dealing), through some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith. Therefore, in order to recover under a bad faith claim, a plaintiff must show (1) that the defendant did not have a reasonable basis for denying benefits under the policy; and (2) that the defendant knew or recklessly disregarded its lack of reasonable basis in denying the claim.

*Keefe v. Prudential Prop. & Cas. Ins. Co.*, 203 F.3d 218, 225 (3d Cir. 2000) (citations and internal quotation marks omitted). "These two elements— absence of a reasonable basis for denying a claim under the policy and knowledge or reckless disregard of the lack of such reasonable basis— must be proven by clear and convincing evidence." *Cozzone v. AXA Equitable Life Ins. Soc. of the U.S.*, 858 F. Supp. 2d 452, 458 (M.D. Pa.

5

2012) (citing *Klinger v. State Farm Mut. Auto. Ins. Co.*, 115 F.3d 230, 233 (3d Cir. 1997)).

In deciding whether an insurer had a reasonable basis for denying benefits, a court must examine what factors the insurer considered in evaluating the claim. *See Terletsky v. Prudential Prop. & Cas. Ins. Co.*, 649 A.2d 680, 688-89 (Pa. Super. Ct. 1994). "Bad faith claims are fact specific and depend on the conduct of the insurer vis á vis the insured." *Condlio v. Erie Ins. Exch.*, 899 A.2d 1136, 1143 (Pa. Super. Ct. 2006) (citing *Williams v. Nationwide Mut. Ins. Co.*, 750 A.2d 881, 887 (Pa. Super. Ct. 2000)). "[M]ere negligence is insufficient for a finding of bad faith under Section 8371 . . . ." *Rancosky v. Washington Nat'l Ins. Co.*, 170 A.3d 364, 374 (Pa. 2017). Recklessness on the part of the insurer, however, can support a finding of bad faith. *Id.*

In seeking dismissal of the bad faith claim, MetLife argues that the complaint contains only unsupported allegations of bad faith conduct, with no factual averments of wrongdoing on the part of MetLife. Further, MetLife maintains that the complaint pleads conclusory boilerplate bad faith "catchphrases" which do not satisfy federal pleading standards.

The plaintiff's allegations of bad faith conduct consist of the following forty-nine averments:

    (a)    Failing to fully, fairly, and adequately evaluate the Plaintiff's underinsured motorist's claim;

    (b)    Failing to conduct a full, fair, timely, and proper investigation to become properly informed of the claims of the Plaintiff;

    (c)    Failing to attempt in good faith to effectuate a fair and equitable settlement;

    (d)    Breaching its duty to negotiate in good faith through motives of self-interest, Defendant's own economic considerations only, and ill-will towards Plaintiff;

    (e)    Not attempting in good faith to effectuate the prompt, fair and equitable settlement of Plaintiff's claims where the Defendant's duty to do so is reasonably clear;

    (f)    Failing to promptly, objectively, and fairly evaluate the claims of Plaintiff;

    (g)    Dilatory and abusive claims handling;

    (h)    Knowing and/or recklessly disregarding the lack of a reasonable basis in failing to pay the claims of Plaintiff;

    (i)    Failing to give consideration to paying the claims of Plaintiff;

(j)     Failing to give equal consideration to pay the claims of Plaintiff promptly as to not paying the claim promptly;

(k)     Failing to timely investigate, evaluate, and pay the claims of Plaintiff;

(l)     Failing to provide any justification or basis for its failure to tender the full policy limits for claims of Plaintiff;

(m)     Failing to promptly and/or properly advise Plaintiff of the acceptance or denials of the claims of Plaintiff;

(n)     Conducting an unfair, unreasonable and untimely investigation of claims of Plaintiff;

(o)     Failing to follow its own guidelines and procedures;

(p)     Assuming a fiduciary obligation and then failing to carry out the same in good faith;

(q)     Unreasonably and unfairly withholding policy benefits justly due and owing to the Plaintiff;

(r)     Breaching of duties of good faith and fair dealing;

(s)     Placing its interests over the interest of its insured;

(t)     Failing to honestly, fairly, intelligently, and objectively evaluate the Defendant's exposure with respect to the claims of Plaintiffs;

(u) Failing to accurately assess the strengths or weaknesses of the evidence as a whole;

(v) Ignoring repeated demands for policy limits by Plaintiff with respect to the claims of Plaintiff;

(w) Refusing to make reasonable settlement offers;

(x) Ignoring the significant damages suffered by the Plaintiff;

(y) Unreasonably and vexatiously delaying payment of benefits for claims of the Plaintiff, when it was clear that immediate payment of benefits under the policy was justified and warranted;

(z) Failing and/or refusing to pay the claims of Plaintiff, without a reasonable foundation to do so;

(aa) Failing to acknowledge or act promptly upon written communications with respect to the claims of the Plaintiff under the policy;

(bb) Failing to adopt and implement standards to promptly investigate and pay claims arising out of the Plaintiff's automobile insurance contract;

(cc) Failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of the claims of the Plaintiff;

- (dd) Failing to exercise the utmost good faith in discharging its statutory, common law and contractual duties to the Plaintiff;

- (ee) Engaging in unfair claims settlement and insurance practices in violation of common law and/or Defendant's statutory obligations;

- (ff) Placing the Plaintiff in a position of extreme physical and emotional hardship;

- (gg) Failing to consider the range of awards/verdicts with respect to the claims of the Plaintiff;

- (hh) Making, publishing, issuing or circulating statements misrepresenting the benefits, advantages, conditions or terms of the policy, or status of claim, in violation of 40 P.S. § 1171.5(a);

- (ii) Making, publishing, issuing or circulating statements which contain representations or statement with respect to the business of insurance or *Erie's*[1] conduct in the insurance business, which is untrue, deceptive or misleading in violation of 40 P.S. 1171.5(a);

- (jj) Misrepresenting pertinent facts or policy or contract provisions relating to coverages at issue in violation of 40 P.S. § 1171.5(a)(10);

---

[1] We presume that the reference to Erie is an error in drafting. Nevertheless, as written, this subparagraph has no application to MetLife.

- (kk) Failing to acknowledge and act promptly upon written or oral communication with respect to claims arising under insurance policies in violation of 40 P.S. § 1171.5(a)(10);

- (ll) Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies in violation of 40 P.S. § 1171.5(a)(10);

- (mm) Refusing to pay claims without conducting a reasonable investigation based upon all available information in violation of 40 P.S. § 1171.5(a)(10);

- (nn) Failing to provide consent to settle, as requested, in a timely manner;

- (oo) Not attempting in good faith to effectuate prompt, fair, and equitable settlement of claims in which the company's liability under the policy has become reasonably clear in violation of 40 P.S. § 1171.5(a)(10);

- (pp) Compelling the Plaintiff into litigation to recover amounts due under an insurance policy in violation of 40 P.S. § 1171.5(10);

- (qq) Attempting to settle a claim for less than the amount to which a reasonable person would have believed he or she was entitled by reference to a written or printed advertisement material accompanying or made part of an application in violation of 40 P.S. § 1171.5(a)(10);

- (rr) Failing to promptly settle claims, where liability has become reasonably clear, under

11

        one portion of the insurance policy in order to influence settlements under other portions of the insurance policy or under other policies of insurance in violation of 40 P.S. § 1171.5(10);

(ss)    Failing to maintain a full, complete and accurate claim file as required by Pennsylvania law, specifically, 31 Pa. Code 146.3;

(tt)    Failing to acknowledge and act promptly upon written or oral communications with respect to claims arising under its policy, in violation of 40 P.S. § 1171.5 and 31 Pa. Code § 146.5;

(uu)    Failing to timely complete its investigation and keep Plaintiff apprised of the status of its investigation, in violation of 31 Pa. Code 146.6 and 146.7;

(vv)    Failing to complete its investigation within 30 days in violation of 31 Pa. Code; and/or

(ww)    Failing to comply with standards for prompt, fair and equitable settlement in violation of 31 Pa. Code 146.7.

(Doc. 1-1 ¶ 42 (emphasis added)).

MetLife's motion to dismiss the bad faith claim in Count II will be granted because this claim is premised upon "bare-bones conclusory allegations which are not sufficient to state a bad faith claim." *Meyers v. Protective Ins. Co.*, Civil Action No. 3:16-cv-01821, 2017 WL 386644, at

\*9 (M.D. Pa. Jan. 27, 2017). Averments substantially identical to these have been found to constitute "legal conclusions rather than factual allegations." *Rickell v. USAA Cas. Ins. Co.*, Civil No. 1:18-cv-1279, 2018 WL 5809865, at \*3 (M.D. Pa. Nov. 6, 2018). Many of the allegations in the complaint are repetitious and redundant. For example, allegations such as those in subparagraphs (a), (b), (f), (k), and (n) have previously been held to be conclusory. *Id.* Similarly, the contentions in subparagraphs (g) and (z) "regarding how Defendant handled the claim after receipt are conclusory without additional factual support that would inform the court why the Defendant's actions are unreasonable." *Id.* Likewise, the contention in subparagraphs (c) and (e) that MetLife acted in bad faith by "[n]ot attempting in good faith to effectuate a prompt, fair, and equitable settlement" is "not only conclusory but [is] circular and prove[s] nothing." *Meyers*, 2017 WL 386644, at \*9. Finally, the allegations that MetLife failed to adopt "reasonable standards" and subordinated "the interests of its insured" to its own financial monetary interest are conclusory in the absence of supporting facts. *See Pasqualino v. State Farm Mut. Auto. Ins. Co.,* Civil Action No. 15-0077, 2015 WL 3444288, at \*5. (E.D. Pa. May 28, 2015); *see also Zinno v. Geico Gen. Ins.*

*Co.,* Civil Action No. 16-792-MMB, 2016 WL 5100540, at *2 (E.D. Pa. Sept. 19, 2016) (allegation that insurer prioritized its own interests over that of the insured is conclusory without additional factual support); *Northridge Village L.P. v. Travelers Indem. Co. of Conn.*, Civil Action No. 15-1947, 2016 WL 7428211, at *2 (E.D. Pa. Jan. 21, 2016) ("failure to adopt reasonable standards for prompt negotiation of claims and failure to follow its own internal policies" is bare-bones conclusory statement insufficient to plead a bad faith claim); *Sypek v. State Farm Mut. Auto. Ins. Co.*, Civil Action No. 3:12-cv-324, 2012 WL 2239730, at *3 (M.D. Pa. June 15, 2012) ("[f]ailing to adopt and/or implement reasonable standards in evaluating Plaintiff's claim" is the type of allegation that does not state a bad faith claim).

Further, the statutory references and the allegations contained in subparagraphs (hh), (ii), (jj), (kk), (ll), (mm), (oo), (pp), (qq), and (rr) are taken verbatim from the Pennsylvania Unfair Insurance Practices Act, 40 P.S. § 1171.5 *et seq.*, without any factual basis to support the conclusory allegations. Likewise, the regulation references in subparagraphs (ss), (tt), (uu), (vv), and (ww) are verbatim recitations to the Pennsylvania Administrative Code relating to unfair claims

settlement practices, 31 Pa. Code § 146.1 *et seq.*, without any factual basis to support the conclusory allegations.

When stripped of the legal conclusions in the complaint, the plaintiff, Jean Allman, pleads the following with respect to MetLife's purported bad faith in Count II:

(1) She was in an accident on April 7, 2017, with a third-party tortfeasor;

(2) She sustained physical injuries as a result of the tortfeasor's negligence;

(3) On September 25, 2020, Allman requested consent to settle with the tortfeasor which MetLife thereafter granted;

(4) Allman made a written demand for underinsured benefits as supported by pertinent medical records and documentation in support of the UIM claim; and

(5) MetLife made an offer to resolve the UIM claim, and it remains unresolved to date.

(Doc. 1-1).

Such allegations do not state the necessary elements of a claim for bad faith under § 8371. As the court explained in *Pasqualino*, "[e]ssentially, Plaintiff's cursory allegations assert that the Defendant lacked a reasonable basis for denying Plaintiff's claim for benefits but do not provide any factual allegations from which the Court could make a plausible inference that Defendant knew or recklessly disregarded its

lack of a reasonable basis for denying benefits." *Pasqualino,* 2015 WL 3444288, at *5 (footnote omitted). "While such assertions perhaps suggest that a bad faith claim is possible, they do not allow for any non-speculative inference that a finding of bad faith is plausible." *Id.* Thus, the bad faith claim as presently constructed does not meet the pleading requirements of *Iqbal* and *Twombly*. We will, however, grant Allman leave to file an amended complaint as it is not clear that an amendment would be futile.

For the reasons stated above, MetLife's motion to dismiss Count II will be granted. The bad faith claim will be dismissed without prejudice, and Allman will be granted leave to file an amended complaint to plead a plausible bad faith claim. Failure to do so will result in the dismissal of this claim with prejudice.

An appropriate order follows.

*s/Joseph F. Saporito, Jr.*<br>JOSEPH F. SAPORITO, JR.<br>U.S. Magistrate Judge

Dated: October 1, 2021